## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DOMINGA FERMIN AS GUARDIAN  :
for JAILEN BEATO,       :CIVIL ACTION No: 10 cv 3755(JLL)(MH)
             :
   Plaintiffs,      :
v.             :
             :
TOYOTA MATERIAL HANDLING,   :
U.S.A., INC., and ABC CORPS. 1-10,  :
             :
   Defendants.      :
             :

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND COMPLAINT

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973)228-9898
Attorneys for Plaintiff

On The Brief:
  David A. Mazie, Esq.
  David M. Freeman, Esq.

## TABLE OF CONTENTS

Page

STATEMENT OF FACTS.................................................................... 1

LEGAL ARGUMENT.......................................................................... 3

    1.      The Court Never Set a Deadline By Which Plaintiff
           Had to Amend His Claims......................................................3

    2.      Leave Should be Granted Pursuant to Rule 15(a)............................. 5

    3.      The Court Should Reject Toyota's Contention that it Would be Futile
           To Allow Plaintiff to Plead a Claim for Punitive Damages................... 6

CONCLUSION................................................................................ 9

# TABLE OF AUTHORITIES

Page

## CASES

Clark v. Chrysler Corp., 436 F.3d 594 (6th Cir. 2006)...........................................8

Coulson v. Town of Kearny, 2010 WL 331347 (D.N.J. January 19, 2010)...................4

Foman v. Davis, 371 U.S. 178 (1962)..................................................................5

Herman v. Sunshine Chemical Specialties, 133 N.J. 329 (1993)...............................6

Kennedy v. City of Newark, 2011 WL 2669601 (D.N.J. July 7, 2011).......................3

Phillips v. County of Allegheny, 515 F.3d 225 (3rd Cir. 2008)................................6

Pouncil v. Branch Law Firm, 2011 WL 5837230 (D.Kan Nov. 21, 2011)....................4

Smith v. Ingersoll-Rand Co., 214 F.3d 1235 (10th Cir. 2000)..................................8

Woodard v. Ford Motor Co., 2007 WL 4125519 (N.D.Ga. Nov. 2, 2007)...................8

Wrist Worldwide Trading GMBH v. MV Auto Banner,
2011 WL 5414307 (D.N.J. 2011) ....................................................................6, 7

## RULES AND STATUTES

Fed. R. Civ. P. 16(b)(4)...................................................................................3

N.J.S.A. 2A:15.5.1(a).......................................................................................7

N.J.S.A. 2A:15-5.9..........................................................................................7

N.J.S.A. 2A:15.5.10.........................................................................................7

H:\DAM\Fermin\TOC, TOA - Brief reply re NOM to amend 1-27-12.doc

## STATEMENT OF FACTS

Plaintiff refers to the statement of facts contained in his moving papers. However, plaintiff needs to address one factual issue which has been misconstrued by Toyota in its opposition -- that relating to the court imposed "deadline" to add new claims.

The Scheduling Order in this case was entered on December 14, 2010 and did not contain any deadline with regard to the amendment of pleadings to add new claims. A copy of the Scheduling Order is attached as Exhibit "A" to the Supplemental Certification of David A. Mazie ("Mazie Supp. Cert.") filed herewith. Instead, the Scheduling Order only contained a deadline of April 30, 2011 to file "any motion to add new parties, whether by amended or third-party complaint." Thereafter, the parties entered into an agreement whereby defendant, Toyota Material Handling USA, Inc. agreed: 1) to be liable for the design and manufacture of the forklift (even though Toyota's Japanese counterpart actually designed/manufactured the product); and 2) to obtain and provide all discovery on behalf of the Japanese Toyota entities so that no Japanese employee would have to come to the United States to testify. The agreement is attached as Exhibit "A" to the Certification of David A. Mazie filed with plaintiff's initial moving papers. As part of that agreement, the parties agreed to extend all discovery deadlines for a period of 30 days. (Mazie Supp. Cert. at ¶3). On March 28, 2011, the Honorable Claire Cecchi, U.S.M.J. held a conference call on the issue, and agreed to the parties' request that all deadlines be extended for a period of 30 days. Id. On April 6, 2011, the Court entered an Order on Oral Motion Scheduling Conference which extended the deadlines by 30 days as follows:

1

| DEADLINE | DECEMBER 14, 2010 SCHEDULING ORDER | AMENDED ORDER OF APRIL 6, 2011 |
|---|---|---|
| Fact discovery | September 30, 2011 | October 30, 2011 |
| Affirmative expert reports | November 15, 2011 | December 15, 2011 |
| Responding expert reports | December 30, 2011 | January 30, 2012 |
| Completion of expert discovery | February 1, 2012 | March 1, 2012 |
| Motions to amend | April 30, 2011 | May 30, 2011 |

A copy of the April 6, 2011 Order is attached as Exhibit "B" to the Mazie Supp. Cert.  At no time was there any request by either side -- nor any discussion with the Court -- that there be any deadline with regard to the amendment of plaintiff's assertion of claims.  Instead, the sole discussion with the Court was to explain the agreement between the parties and to request a 30 day extension of the deadlines already set forth in the Scheduling Order.  Id.  Accordingly, even though the Amended Scheduling Order speaks to "motions to amend pleadings", it is only referring to motions to amend the pleadings to add new parties as set forth in the Initial Scheduling Order.

## LEGAL ARGUMENT

In its opposition, Toyota makes three arguments as to why plaintiff's motion to amend to add a claim for punitive damages should be denied by this Court: 1) that the deadline to file such a motion has passed; 2) that even if there is no deadline, plaintiff does not meet the "good faith" requirements under Rule 15; and 3) that plaintiff's allegations do not meet the threshold for presentation of punitive damages to a jury. Toyota's arguments are meritless and should be rejected by this Court.

### 1. The Court Never Set a Deadline By Which Plaintiff Had to Amend His Claims

As discussed at length in the Statement of Facts section of this brief, Judge Cecchi never set a deadline for the amendment of pleadings to add <u>new claims</u>. Instead, she only set a deadline for the amendment of pleadings to add <u>new parties</u>. Accordingly, plaintiff has not violated any court order as no such deadline ever existed in any scheduling order.

Moreover, even if there was such a deadline, plaintiff would still be entitled to amend his pleadings to add the claim for punitive damages. It is well settled that in order to amend the deadlines in a scheduling order, a party need only establish "good cause" justifying the need for such an amendment. In accordance with <u>Fed. R. Civ. P.</u> 16(b)(4), this Court will allow a party to amend his pleadings after the deadline set forth in the Case Management Order upon a showing of "good cause and with the judge's consent." <u>See</u> <u>Kennedy v. City of Newark</u>, 2011 <u>WL</u> 2669601 (D.N.J. July 7, 2011). In fact, even where there is a deadline which has passed, courts still allow such amendments. For example, in <u>Kennedy</u>, this Court allowed a defendant to bring a third-party complaint after the deadline because it determined that it did not know about the potential culpability of the new party until after the deadline had passed. Specifically, the identity of the new party was not disclosed to the defendant until plaintiff's deposition. <u>Id</u>. See

also, Coulson v. Town of Kearny, 2010 WL 331347 (D.N.J. January 19, 2010) (Court found that plaintiff demonstrated good cause for his late motion to amend the complaint and further noted that the amendment would not require additional discovery and that no trial date had been set.) In Pouncil v. Branch Law Firm, 2011 WL 5837230 (D.Kan Nov. 21, 2011), the court granted plaintiff's motion to amend the complaint to assert a punitive damages claim after the case management deadline to add new claims. The Court found that although the plaintiff had documents demonstrating defendant's negligence prior to the deadline, the facts necessary to support a punitive damages claim were not developed until depositions were taken after the deadline had passed. As a result, plaintiff was able to demonstrate good cause and the court allowed the plaintiff to amend his complaint to add a claim of punitive damages.

Here, plaintiff was not aware of any deadline which would have required him to have filed a motion to amend any earlier. The Initial Scheduling Order never mentions such a deadline, and the April 6, 2011 Order was only issued upon the joint request of plaintiff/defense counsel so that all deadlines could be pushed back for a period of 30 days to accommodate their agreement as to the Japanese entities. (Mazie Supp. Cert. at ¶3). Accordingly, plaintiff could not have violated a deadline which was never set forth in any order nor discussed with the Court at any time. Moreover, just as in Pouncil, many of the operative facts necessary to support plaintiff's punitive damages claim were only obtained through the depositions of defendant's designees which were all taken **after** the purported "deadline" of May 30, 2011. Ronald Roench was deposed on June 28, 2011 (Mazie Cert. at Exhibit "F"); Martin Boyd was deposed on June 30, 2011; and John Braun was deposed on July 1, 2011 (Mazie Cert. at Exhibit "P"). As detailed in the moving brief, plaintiff relies extensively upon the testimony of these witnesses to support his punitive damages claim. These depositions all took place in California, after the scheduling

4

of the witnesses -- and counsel -- were coordinated. Fact discovery continued through December, at which time we came to the conclusion that the conduct of Toyota was egregious enough to justify a jury's consideration of punitive damages.

Plaintiff has certainly established good cause for amending the Complaint to add a claim for punitive damages. Toyota claims that the motion should be denied because plaintiff should have brought the claim for punitive damages at the outset of the case -- if plaintiff had done so, Toyota would have immediately moved to dismiss such claims by arguing that plaintiff had no factual support for them. As is set forth in plaintiff's moving brief, we do not cavalierly assert claims for punitive damages in every case. This is something that is only done after the development of the appropriate evidence to assert such claims. It was only after the completion of discovery that plaintiff felt it was appropriate to assert the claim.

Plaintiff has clearly met the good cause standard because 1) we were not aware of any deadline to amend the pleadings to assert a new claim such as one for punitive damages; and 2) we moved to amend the pleadings as soon as discovery was completed and as soon as we had enough evidence to support such a claim.

### 2.   Leave Should be Granted Pursuant to Rule 15(a)

In the absence of a deadline, Rule 15 controls the court's decision on whether to grant plaintiff's motion to amend. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The Third Circuit has interpreted the Rule to mean that a motion for leave to amend should be granted unless there is "delay, bad faith [or] prejudice." Id., citing, Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Toyota has failed to assert any "delay, bad faith or prejudice," nor could it as the amendment will not delay this case in any way, nor result in any prejudice. As discussed in our moving papers, the amendment does not add any new cause of action, but rather asks for

5

exemplary damages due to the egregious nature of Toyota's conduct.  No discovery is required

on these claims, other than as to Toyota's assets.  However, no such discovery may take place

until after a compensatory damages trial.  See Herman v. Sunshine Chemical Specialties, 133

N.J. 329, 333-34 (1993).

Accordingly, granting plaintiff's motion to add a claim for punitive damages based on the

egregious nature of Toyota's actions will not delay this case in any way, nor prejudice Toyota in

any manner.  Because Toyota has not met its burden to establish delay, bad faith or prejudice, the

motion to amend should be granted.

### 3.    The Court Should Reject Toyota's Contention that it Would be Futile to Allow Plaintiff to Plead a Claim for Punitive Damages

Toyota's final argument is that it would be futile to allow plaintiff to amend to assert a

claim for punitive damages because the claim fails to state a claim upon which relief can be

granted.  In making that argument, Toyota fails to recognize that in deciding this motion the

Court is to accept all of plaintiff's allegations as true.  Wrist Worldwide Trading GMBH v. MV

Auto Banner, 2011 WL 5414307, at *2 (D.N.J. 2011), citing Phillips v. County of Allegheny,

515 F.3d 225, 234 (3rd Cir. 2008).

Plaintiff has set forth a mountain of facts which would support the jury's consideration of

punitive damages against Toyota due to the egregious nature of its conduct:

- Toyota admits that it has known since the 1980's that operators of its forklifts have been regularly killed or maimed as a result of IAMC accidents.

- Toyota admits that the accidental activation of forklift controls constitute 2% of all fatal forklift accidents.

- Toyota admits that because the risk for IAMC accidents was so significant that it warned about such accidents at various times; but that it stopped warning when the subject forklift was sold.

6

- Toyota admits that it never provided the specific warning that an operator should not lean forward into the mast because he may inadvertently actuate or activate the mast controls (i.e., an IAMC accident).

- The OPSS was readily available and technologically feasible well before the manufacture of the subject forklift.

- Toyota admits to selling both a windshield and a screen on its forklifts well prior to the sale of the subject forklift, but did not offer such a safety device for this forklift.

- Toyota admits that the cost of the OPSS and the windshield/screen is nominal.

- Toyota admits that either an OPSS or a screen or shield would have prevented the accident.

Each and every one of the foregoing facts is amply supported in the record before this Court. Moreover, even if plaintiff had not presented any facts whatsoever, this Court would still be required to accept all such facts as true in evaluating this motion. Wrist Worldwide, 2011 WL 5414307, at *2.

Toyota argues that the foregoing facts fail to meet the standard as set forth in the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9 to 5.17. Under the Act, punitive damages are warranted when the harm from defendant's acts or omissions are "…accompanied by a wanton and willful disregard" of the foreseeable consequences of the defendant's conduct. N.J.S.A. 2A:15.5.1(a). "Wanton and willful disregard," is defined by the statute as "a deliberate act or omission with knowledge of a high degree of probability of harm to another in reckless indifference to the consequences of such act or omission." N.J.S.A. 2A:15.5.10. Clearly, by knowing that its forklift operators were being killed or seriously injured on a frequency of at least once a year -- and failing to incorporate available safety devices which it admits are negligible in cost and that would have prevented these accidents -- a jury could easily find that Toyota acted with a high degree of probability of harm and reckless indifference to the

7

consequences of such act or omission. See Woodard v. Ford Motor Co., 2007 WL 4125519 (N.D.Ga. Nov. 2, 2007) (defendant could be liable for punitive damages as a result of its failure to manufacture roofs on its vehicles that would protect an occupant from a rollover despite its knowledge of the hazard and its ability to design a suitable roof); Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1252-1253 (10th Cir. 2000) (defendant was liable for punitive damages due to its failure to add the appropriate safety feature to a milling machine despite its knowledge that the machine was defective); Clark v. Chrysler Corp., 436 F.3d 594 (6th Cir. 2006) (punitive damages were warranted against Chrysler due to its failure to remedy a known design defect which constituted a "reckless disregard for the safety of others"). As each of these cases demonstrate, a corporate defendant's reckless disregard for the safety of others (just as Toyota has exhibited here) is the exact type of conduct which will support a punitive damage award in a products liability claim. The Punitive Damages Act expressly allows for that. Here, Toyota consciously decided to not employ inexpensive and technologically feasible safety devices to prevent its forklift operators from being killed and maimed from IAMC accidents, and those facts fully support allowing a jury to determine whether punitive damages are appropriate in this case.

## CONCLUSION

For the reasons set forth herein, plaintiff's motion for leave to amend the Complaint to seek punitive damages should be granted.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

BY:_____
            DAVID A. MAZIE

Dated:  January 27, 2012

(H:\DAM\Fermin\Brief - reply re NOM to amend  01-25-12)