MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINGA FERMIN AS GUARDIAN for JAILEN BEATO, | : CIVIL ACTION No: 10 cv 3755(JLL)(MH) |
| Plaintiffs, | |
| v. | : **SUPPLEMENTAL CERTIFICATION** |
| TOYOTA MATERIAL HANDLING, U.S.A., INC., and ABC CORPS. 1-10, | : **OF DAVID A. MAZIE** |
| Defendants. | |

I, David A. Mazie, of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and a partner with the law firm of Mazie Slater Katz & Freeman, LLC, attorneys for plaintiff in this action. As such, I have knowledge of the matters set forth herein.

2. Attached hereto as Exhibit "A" is a copy of the Scheduling Order entered by the Court on December 14, 2010.

3. Subsequent to the issuance of the Scheduling Order, the parties entered into an agreement whereby Toyota Material Handling USA, Inc. agreed to, <u>inter alia</u>, obtain discovery from its Japanese counterparts. As part of the agreement, the parties jointly asked the Court to extend for a period of 30 days all deadlines contained in the Initial Scheduling Order. In accordance with that request, on March 28, 2011 the Honorable Claire Cecchi, U.S.M.J. held a conference call on the issue, and agreed to the parties' request that all deadlines be extended for a period of 30 days. On April 6, 2011, the Court

entered an Order on Oral Motion Scheduling Conference which extended the deadlines by 30 days. A copy of the April 6, 2011 Order is attached to defense counsel's responding certification at Exhibit "D".

4.  At no time was there any request by either side -- nor any discussion with the Court -- that there was any deadline with regard to the amendment of plaintiff's assertion of claims. The entirety of the discussion with Judge Cecchi related to an explanation of the agreement concerning the Japanese entities, and a joint request that all deadlines be extended for 30 days.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
DAVID A. MAZIE

Dated: January 27, 2012

(H:\DAM\Fermin\Cert. - DAM supp. in further support of NOM to amend 01-26-12)

# EXHIBIT A

|  |  |
|---|---|
| DOMINGA FERMIN, et al.,<br><br>      Plaintiff(s),<br><br>-vs-<br><br>TOYOTA MATERIAL HANDLING, et al.,<br><br>      Defendant(s). | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Jose L. Linares<br>Civil Action No. 10-3755 (JLL)<br><br>SCHEDULING ORDER IN AN<br>ARBITRATION CASE |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure; and for good cause shown:

**IT IS on this 14th day of December, 2010**

**ORDERED THAT:**

### I. ARBITRATION

1. This matter is referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly from the Clerk of the Court.

### II. DISCOVERY

2.a. Fed. R. Civ. P. 26 disclosures have been exchanged.

2.b. Fact discovery is to remain open through **September 30, 2011.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may serve responses to interrogatories, requests for production of documents and requests to admit on or before **November 30, 2010.**

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **September 30, 2011.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

5. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1). Discovery disputes shall be brought to the court's attention no later than **thirty days prior to the close of discovery**.

6. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III. DISCOVERY CONFIDENTIALITY ORDERS

7. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See Local Civil Rule 5.3.

### IV. FUTURE CONFERENCES

8. There shall be a telephone status/settlement conference before the undersigned on **March 28, 2011 at 12:00 p.m.** Plaintiff shall initiate the telephone call. By **March 21, 2011**, each party is to deliver directly to Chambers (do not e-file or file with the Clerk of Court) a confidential letter, not to exceed **five (5) pages**, summarizing the relevant facts, the respective legal positions, status of the case and the client's position on settlement.

9. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

10. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

11. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

12. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V. MOTIONS

13. Any motion to add new parties, whether by amended or third-party complaint, must be filed not later than **April 30, 2011**.

14. <u>No motions are to be filed without prior written permission from this Court.</u> All dispositive motions must first be subject to a dispositive motion pre-hearing. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b), Appendix N and 78.1.

15. Dispositive motions, if any, are to be filed by **TO BE DETERMINED**.

## VI. EXPERTS

16. All affirmative expert reports shall be delivered by **November 15, 2011** with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. See Fed. R. Civ. P. 26(b) (4) (A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

17. All responding expert reports shall be delivered by **December 30, 2011** with depositions of those experts to be taken and completed **within thirty (30) days of receipt of report**. Any such report shall be in the form and content as described above.

18. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

19. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Jose L. Linares, U.S.D.J.
All Parties
File

3